IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR M. RIVERA, JR., and
JULIA A. RIVERA,

       Plaintiffs,

vs.                                                                          No. CIV 11-1119 JB/RHS

DJO, LLC; DJO INC. f/k/a DJ
ORTHOPEDICS, INC.; McKINLEY
MEDICAL, LLC; MOOG, INC.; and
CURLIN MEDICAL, INC.;

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs Victor M. Rivera, Jr., and Julia A.

Rivera's Motion for Leave to File Second Amended Complaint, filed March 16, 2012 (Doc.

54)("Motion").  The Court held a hearing on April 24, 2012.  The primary issues are: (i) whether

the Court should permit Plaintiffs Victor M. Rivera, Jr. and Julie A. Rivera to file a second amended

complaint; and (ii) whether the Court should require Defendant DJO, LLC to pay for the Riveras'

attorney's fees associated with filing a reply brief and impose sanctions.  For the reasons stated on

the record and set forth more fully below, the Court will grant in part and deny in part the Motion.

The Court will permit the Plaintiffs to file a second Amended Complaint, except with respect to the

allegation that DJO, LLC manufactured the pain pump at issue.  Furthermore, the Court will deny

the Riveras' request for attorney's fees associated with filing a reply brief and sanctions.

## PROCEDURAL BACKGROUND

On June 7, 2011, the Riveras filed their Complaint for Personal Injury, Negligence, Products

Liability, Punitive Damages.  See Doc. 1-2.  On December 1, 2011, the Riveras filed the First

Amended Complaint for Personal Injury: Strict Products Liability, Negligence, *Res Ipsa Loquitur*, Loss of Consortium and Punitive Damages.  <u>See</u> Doc. 1-2 ("First Amended Complaint").  On December 22, 2011, the Defendants removed the case to federal court.  <u>See</u> Notice of Removal at 1, filed December 22, 2011 (Doc. 1).  In the Amended Complaint, the Riveras assert that V. Rivera underwent arthroscopic surgery of his left shoulder at Lovelace Health System's Gibson Hospital in Albuquerque, New Mexico on May 21, 2004.  <u>See</u> Amended Complaint ¶ 2, at 1.  He asserts that the surgeon implanted a pain pump into his shoulder which was "manufactured, marketed, distributed and sold by one or more of the Defendants."  Amended Complaint ¶ 2, at 1.  In Count 1, the Riveras assert that the pain-pump device and anesthetic medications used in it were unreasonably and dangerously defective, because of several labeling deficiencies, and that such defects contributed to the V. Rivera's injuries.  <u>See</u> Amended Complaint ¶¶ 16-17, at 6-7.  In Count 2, the Riveras assert that each of the Defendants knew or should have known that their pain pump was unreasonably dangerous and defective when used as directed and designed, because of the available scientific and medical literature.  <u>See</u> Amended Complaint ¶ 19, at 8.  The Riveras allege that the Defendants were negligent in: (i) failing to warn the medical community about the dangers of using their pain pump and various anesthetics in the shoulder joint space; (ii) failing to provide adequate instructions regarding the safe use of the device; (iii) manufacturing, marketing, and distributing a product designed to directly inject medications associated with cartilage damage into the shoulder joint space; and (iv) failing to conduct adequate testing to determine whether pain pumps filled with local anesthetics used in a joint space will cause cartilage damage.  <u>See</u> Amended Complaint ¶¶ 19-20, at 7-9.  In Count 3, the Riveras assert that the events causing the injuries and damages to V. Rivera were of a kind which do not ordinarily occur in the absence of negligence. <u>See</u> Amended Complaint ¶ 25, at 10.  In Count 4, the Riveras allege that J. Rivera has suffered a loss

of consortium as a direct and proximate result of the Defendants' negligence.  See Amended Complaint ¶¶ 29-31, at 10.  The Riveras assert that they have suffered damages and ask for punitive damages.  See Amended Complaint ¶¶ 32-37, at 11-12.

In the Motion, the Riveras seek leave to file a second Amended Complaint.  See Motion ¶ 12, at 2.  The Riveras argue that a court should grant leave to file an amended pleading absent a showing of prejudice, bad faith, or undue delay.  See Motion ¶ 13, at 2.  They assert that they seek to add new causes of action, for Breach of Implied Warranty and Negligent Packaging, Distribution, and Marketing, to their Amended Complaint.  See Motion ¶ 15, at 2-3.  The Riveras contend that a second Amended Complaint will not prejudice the Defendants and that they moved to amend as soon as it became apparent that amendment was necessary.  See Motion ¶¶ 16, 18, at 3.  On April 2, 2012, Defendant DJO, LLC filed the DJO, LLC's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint.  See Doc. 57 ("Response").  DJO, LLC argues that "there is no evidence that DJO, LLC manufactured or packaged the device in question as alleged in the specific causes of action plaintiffs are seeking to add."  Response at 1.  It asserts that it "never manufactured or labeled the device at issue."  Response at 2.  DJO, LLC contends that the Riveras are "aware that DJO, LLC is not a manufacturer and did not package the device," and that the manufacturer was dismissed before the Motion was filed.  Response at 2.  On April 11, 2012, the Riveras filed the Plaintiffs' Reply to Defendant DJO, LLC's Response to Plaintiffs' Motion for Leave to File Second Amended Complaint and Request for Costs and Sanctions.  See Doc. 60 ("Reply").  The Riveras assert that the "Defendant improperly argues that Plaintiffs' Motion for Leave should be denied because no evidence exists regarding certain new causes of action alleged in the proposed Amended Complaint."  Reply at 3.  They argue that, pursuant to Foman v. Davis, 371 U.S. 178 (1962), "a district court should always grant leave to amend unless there was a good reason to deny leave, such

as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, or undue prejudice to the other party." Reply at 2-3. The Riveras contend that none of those reasons are present in this case, and that "any question whether evidence exists or does not exist should be argued in a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) or in a No Evidence Motion for Summary Judgment pursuant to Fed. R. Civ. Proc. 56." Reply at 3.

In their Reply, the Plaintiffs assert that DJO, LLC "has wasted the time of Plaintiffs, Plaintiffs' counsel, and this Court by filing its Response to Plaintiffs' Motion for Leave to Amend." Reply at 3. They argue that it "is well understood that plaintiffs are entitled to amend their Complaints to add or remove causes of action," and that a "motion for leave is merely a procedural requirement to verify that no undue delay or bad faith has been employed by plaintiffs." Reply at 3. They contend that DJO, LLC "has ignored such certainties in federal practice and has required Plaintiffs to file a Reply to its inane and frivolous Response as well as required the Court to consider such arguments." Reply at 3. The Riveras request that the Court order the Defendants to pay for the costs associated with replying to Defendant's Response and to impose sanctions. See Reply at 3.

The Court held a hearing on April 24, 2012. The Court stated that the proposed Second Amended Complaint for Personal Injury Strict Products Liability, Design Defect, Failure to Warn; Negligence; Breach of Implied Warranty; Negligent Packaging, Distribution and Marketing; *Res Ipsa Loquitur*; Punitive Damages; Loss of Consortium; and Damages, filed March 16, 2012 (Doc. 54-1)("Proposed Complaint"), in paragraph 7, asserts that, upon information and belief, one or more of the Defendants manufactured, marketed, distributed, and sold the pain pump. See Transcript of Hearing at 2:15-20 (April 24, 2012)(Court)("Tr.").[1] The Court concluded that, from its viewpoint,

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

-4-

there is a factual issue whether DJO, LLC manufactured the pain pump used on V. Rivera.  See Tr.

at 2:21-25 (Court).  With respect to the third cause of action, the breach of implied warranty, the

Court noted that, under New Mexico law, a defendant need not be a manufacturer to be held liable

for a breach of an implied warranty.  See Tr. at 3:1-4 (Court.).  The Court cited N.M.S.A. 1978, §

55-2-314, which provides that "a warranty that the goods shall be merchantable is implied in a

contract for their sale if the seller is a merchant with respect to goods of that kind."  Tr. at 3:4-7

(Court).  With respect to the fourth cause of action -- negligent packaging, distribution, and

marketing -- the Court noted that the Riveras incorporate their earlier allegations, including the

allegation that "the pain pump was manufactured, marketed, distributed, and sold by one or more

of the Defendants."  Tr. at 3:8-12 (Court).  The Court noted that the Riveras allege that, as a result

of the Defendants' "negligent packaging, marketing, and distribution, Defendants breached their

duty to Plaintiff by failing to protect Plaintiff from foreseeable harm."  Tr. at 3:13-17 (Court).  The

Court noted that the Defendants appear to challenge only the allegation in this cause of action that

they packaged the pain pump, but the new cause of action also alleges that DJO negligently

marketed and distributed the product.  See Tr. at 3:18-4:2 (Court).  The Court stated that it appears

that, under the analysis the Court had just set forth, it should grant the Motion.  See Tr. at 4:3-5

(Court).

        The Riveras asserted that there are other methods that the Defendants could use to dispute

their factual allegations, but argued that disputing those allegations in a response to a motion to

amend is not appropriate.  See Tr. at 4:8-16 (Funk).  DJO, LLC asserted that the original Complaint

alleged claims against it, McKinley Medical, LLC, and Moog, Inc. -- who are the manufacturers --

and against Lovelace Health System, Inc., for strict liability, failure to warn, negligence, and

punitive damages.  See Tr. at 4:19-25 (Stewart).  DJO, LLC represented that the Amended

Complaint deleted the claims against Lovelace Health and alleged claims against DJO, LLC -- the distributor -- McKinley Medical, Curlin Medical Inc, and Moog. See Tr. at 5:1-6 (Stewart). It noted that, after the case was removed, the Riveras settled with the manufacturers and that, now, the Riveras allege that DJO, LLC did things that it did not and could not have done to enable the manufacturing and packaging. See Tr. at 5:8-14 (Stewart). DJO, LLC argued that its position is that the additional claims are unnecessary and are not supported. See Tr. at 5:15-18 (Stewart). DJO, LLC asserted that the Riveras alleged breach of an implied warranty of fitness for use, rather than a breach of the implied warranty of merchantability, and that the Plaintiffs have already settled their claims with the manufacturer. See Tr. at 6:10-14 (Stewart). It argued that DJO, LLC, as a distributor, did not package the pain pump and could not have changed the packaging. See Tr. at 6:15-21 (Stewart). The Court asked whether DJO, LLC's concerns would be resolved if the allegations did not include the word "manufacture." Tr. at 7:6-12 (Court). DJO, LLC responded that the word manufacturing and packaging both troubled it. See Tr. at 7:13-14 (Stewart). The Court then asked whether the DJO, LLC could still be held liable for breach of an implied warranty as a seller. See Tr. at 7:15-18 (Court). DJO, LLC stated that it could argue that issue on a motion to dismiss. See Tr. at 7:19-23 (Stewart). The Court then asked if there would still be a negligent-distribution-and-marketing claim, if the Court removed the words "manufacture" and "packaging." Tr. at 7:24-8:3 (Court). DJO stated that such a claim would already be covered under the negligence count. See Tr. at 8:4-5 (Stewart).

The Court then asked whether the Riveras would agree to removing the words "manufacture" and "packaging." Tr. at 8:20-9:2 (Court). The Riveras agreed that the Court could remove the word "manufacturing," but argued that packaging addresses the label itself, which is what DJO, LLC attached to the box and within the box. See Tr. at 9:3-25 (Funk). The Riveras asserted that DJO,

LLC packaged the pain pump, sold it to Lovelace Health, and that Lovelace Health then implanted the device in V. Rivera.  See Tr. at 9:8-10 (Funk).  The Court stated that it would remove the word manufacturing and permit the rest of the Proposed Complaint.  See Tr. at 10:1-12 (Court).

## LAW REGARDING AMENDMENT OF PLEADINGS

A party may amend its pleadings once as a "matter of course" within twenty-one days of serving the pleading or twenty-one days after a service of a motion under rules 12(b), (e), or (f) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under rule 15(a), a court should freely grant leave to amend a pleading where justice so requires. See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M. 2010)(Browning, J.); Youell v. FNU Russell, No. 04-1396, 2007 WL 709041, at *1-2 (D.N.M. Feb. 14, 2007)(Browning, J.); Burleson v. ENMR-Plateau Tel. Coop., No. 05-0073, 2005 WL 3664299, at *1 (D.N.M. Sept. 23, 2005)(Browning, J.).  The Supreme Court of the United States has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive[,] . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given. Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).  See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

A court may deny leave to amend under rule 15(a), however, where the proposed "amendment would be futile."  Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs., 175 F.3d

-7-

848, 859 (10th Cir. 1999).  The Tenth Circuit has held that "[a] court properly may deny a motion

for leave to amend as futile when the proposed amended complaint would be subject to dismissal

for any reason."  Chaara v. Intel Corp., No. 05-278, 2006 WL 4079030, at *4 (D.N.M. May 31,

2006)(Browning, J.)(internal quotation marks omitted).  Thus, a court may deny leave to amend

where the amended pleading "sets forth claims that would clearly not prevail or improve the party's

position."  Chaara v. Intel Corp., 2006 WL 4079030, at *4.  A court may also deny leave to amend

"upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

[or] failure to cure deficiencies by amendments previously allowed."  In re Thornburg Mortg., Inc.

Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365-66 (10th Cir.

1993)).  "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide

litigants the maximum opportunity for each claim to be decided on its merits rather than on

procedural niceties.'"  B.T. ex rel. G.T. v. Santa Fe Pub. Schs., No. 05-1165, 2007 WL 1306814,

at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(alterations original)(quoting Minter v. Prime Equip.

Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).

## ANALYSIS

        The Court will grant in part and deny in part the Motion.  The Court does not believe that

granting the Motion to Amend will unduly prejudice the Defendants.  Additionally, the Court finds

that the Motion to Amend was not unduly delayed, the product of bad faith, or the product of a

dilatory motive.  The parties agreed, however, to removing the allegation that DJO, LLC

manufactured the pain pump.  The Court will not impose sanctions on DJO, LLC, because its

Response was not frivolous.

        The Supreme Court has stated that, in the absence of an apparent reason, such as "undue

delay, bad faith or dilatory motive[,] . . . repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given.  Fomen v. Davis, 371 U.S. at 182.  Furthermore, the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim.  See Curley v. Perry, 246 F.3d at 1284.  See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

DJO, LLC does not argue that the Riveras acted in bad faith or with undue delay.  Rather, it argues that "there is no evidence that DJO, LLC manufactured or packaged the device in question as alleged in the specific causes of action plaintiffs are seeking to add."  Response at 1.  A motion to amend is not the appropriate vehicle to challenge the facts which the Riveras allege.  Except for arguments that the amendment is futile, arguments challenging the merits of, or support for, the allegations are best reserved for a motion to dismiss or a motion for summary judgment.  See Lymon v. Aramark Corp., No. 08-0386, 2009 WL 1299842, at *6 (D.N.M. Feb. 4, 2009)(Browning, J.)(holding that the Court was "reluctant to make a ruling which could, in effect, be a dismissal on the merits," where "arguments about futility were not fully briefed" and finding that, because arguments regarding futility were not fully briefed, it was "not the proper time to decide whether the new amendments state a claim" and that such arguments were more properly raised on a motion to dismiss).  At the hearing, the Riveras asserted that the term "packaging" addresses the label itself, which is what DJO, LLC attached to and placed within the pain-pump box.  Tr. at 9:3-25 (Funk).  DJO, LLC does not argue that amendment is futile.  The Court concludes that it should grant the Motion to provide the Riveras with the opportunity to have each of their claims decided on its merits.  DJO, LLC has not argued, and the Court does not find, that the Plaintiffs have acted in bad faith, engaged in undue delay, or acted with a dilatory motive.  See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579.   At the hearing, however, the parties agreed that DJO, LLC did not

"manufacture" the pain pump and that such allegations related to manufacturing should be removed. See Tr. at 9:3-25 (Funk); id. at 10:1-12 (Court).   A court should freely grant leave to amend a pleading under rule 15(a).   See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80; Youell v. FNU Russell, 2007 WL 709041, at *1-2; Burleson v. ENMR-Plateau Tel. Coop., 2005 WL 3664299, at *1.   None of the factors listed in Fomen v. Davis are present here.   "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"   B.T. ex rel. G.T. v. Santa Fe Pub. Schs., 2007 WL 1306814, at *2 (quoting Minter v. Prime Equip. Co., 451 F.3d at 1204).   Consequently, the Court will grant in part and deny in part the Motion, permitting the Proposed Complaint except with respect to the allegations regarding manufacturing.

Additionally, the Court will deny the request for sanctions and fees.   The Riveras argue in their Reply that it "is well understood that plaintiffs are entitled to amend their Complaints to add or remove causes of action," and that a "motion for leave is merely a procedural requirement to verify that no undue delay or bad faith has been employed by plaintiffs."   Reply at 3.   They contend that DJO, LLC "has ignored such certainties in federal practice and has required Plaintiffs to file a Reply to its inane and frivolous Response as well as required the Court to consider such arguments." Reply at 3.   The Riveras request that the Court order the Defendants to pay for the costs associated with replying to Defendant's Response and to impose sanctions.   See Reply at 3.   The Riveras do not assert under what authority the Court should impose sanctions and shift fees.   Additionally, the Plaintiffs did not raise the issue of sanctions at the hearing.

Under the American Rule, each party generally pays their own attorney's fees, unless there is a contract or a statute specifying otherwise.   See Marx v. Gen. Revenue Corp., 668 F.3d 1174, 1179 (10th Cir. 2011); Mountain Highlands, LLC v. Hendricks, No. 08-0239, 2010 WL 1631856,

at *3 (D.N.M. April 2, 2010)(Browning, J.)(explaining the operation of the American Rule in New Mexico). Here, there is no contract which would require DJO, LLC to pay attorney's fees for what the Riveras allege is a frivolous Response. Congress has legislated exceptions for prevailing plaintiffs in actions to enforce federal rights. See, e.g., 42 U.S.C. § 1988(b); 29 U.S.C. § 216(b); 17 U.S.C. § 505; 28 U.S.C. § 3905(a). Other statutes make an exception to the American Rule for suits brought in bad faith, brought for purposes of harassment, or known to be meritless. See, e.g., 28 U.S.C. § 1875(d)(2); 15 U.S.C. § 1693m(f). The Plaintiffs have cited no authority on which the Court should base an award of attorney's fees. Because the Reply asks for fees and sanctions, the Court will construe this request as a request for sanctions pursuant to rule 11 of the Federal Rules of Civil Procedure. If the Plaintiffs seek sanctions pursuant to rule 11, they have not complied with rule 11's requirements. Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The Plaintiffs have not filed a separate motion for sanctions. Instead, they included the request in their reply to another motion. That practice does not comply with rule 11(c)(2). See Estate of Gonzales v. AAA Life Ins. Co., No. 11-0486, 2012 WL 1684599, at *11 (D.N.M. May 8, 2012)(Browning, J.)("They did not make their 'motion for sanctions . . . separately from any other motion,' in fact filing their request for sanctions in the Response to Motion for Sanctions."). Furthermore, there is no indication that they attempted to comply with the safe-harbor provisions in rule 11(c)(2). Accordingly, the Court will deny the request for sanctions and attorney's fees.

-11-

**IT IS ORDERED** that Plaintiffs Victor M. Rivera, Jr., and Julia A. Rivera's Motion for Leave to File Second Amended Complaint, filed March 16, 2012 (Doc. 54), is granted in part and denied in part.  The Court will permit the Plaintiffs Victor M. Rivera, Jr., and Julia A. Rivera to file a second amended complaint, except with respect to the allegation that DJO, LLC manufactured the pain pump at issue.  The Court will deny the Riveras request for attorney's fees associated with filing a reply brief and for sanctions.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Turner W. Branch
Adam T. Funk
Branch Law Firm
Albuquerque, New Mexico

--and--

Robert K. Jenner
Janet, Jenner & Suggs, LLC
Baltimore, Maryland

     *Attorneys for the Plaintiffs*

Edward O'Reilly
Patrick Lysaught
Baker Sterchi Cowden & Rice, LLC
Kansas City, Missouri

--and--

Peter J. Lucca
Tracey M. Van Steenhouse
Morris, Polich and Purdy
San Diego, California

--and--

-12-

M. Eliza Stewart
Madison, Harbour & Mroz, P.A.
Albuquerque, New Mexico

*Attorneys for Defendants DJO, LLC; DJO, Inc., formerly known as
DJ Orthopedics, Inc.*